UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DAVID L. KEESLER, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   CAUSE NO. 1:18-cv-00166-SLC |
| COMMISSIONER OF SOCIAL SECURITY, *sued as Andrew Saul, Commissioner of Social Security*,[1] | ) ) ) ) ) |
|     Defendant. | ) ) |

**OPINION AND ORDER**

Plaintiff David L. Keesler brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (ECF 1). On March 25, 2019, the Court entered an Opinion and Order reversing the Commissioner's denial of benefits and remanding the case for further proceedings. (ECF 25).

Keesler's attorney, Joseph Shull ("Counsel"), now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $11,495 for Counsel's representation of Keesler in federal court. (ECF 32). The Commissioner does not oppose Counsel's fee request. (ECF 34). For the following reasons, the motion for attorney fees will be GRANTED.

*A. Factual and Procedural Background*

On May 16, 2018, Counsel entered into a Federal District Court Fee Agreement (the "Fee Agreement") with Keesler for his representation of Keesler in federal court, in which Keesler

---

[1] Andrew Saul is now the Commissioner of Social Security, *see, e.g., Saunders v. Saul*, 777 F. App'x 821 (7th Cir. 2019); *Michael T. v. Saul*, No. 19 CV 1519, 2019 WL 3302215, at *1 n.2 (N.D. Ill. July 23, 2019), and thus, he is automatically substituted for Nancy Berryhill in this case, *see* Fed. R. Civ. P. 25(d).

agreed to pay Counsel twenty-five percent of any past-due benefits awarded to him.[2]  (ECF 33-2).

On June 8, 2018, Keesler filed the instant action with this Court, appealing the Commissioner's denial of his application for disability benefits.  (ECF 1).  On March 26, 2019, the Court entered a judgment in Keesler's favor and remanded the case to the Commissioner for further proceedings.  (ECF 25, 26).

On April 24, 2019, Keesler filed a request for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $10,120.20, seeking payment for the 50.10 hours of attorney time spent advocating his claim in federal court.  (ECF 27).  The parties subsequently stipulated to an EAJA fee award of $9,620, which the Court granted.  (ECF 30, 31).  Counsel ultimately received the entire EAJA fee award of $9,620.  (ECF 33 at 11).

On August 10, 2020, the Commissioner sent a notice of award to Keesler, informing that he was entitled to monthly disability benefits beginning August 2013 and past-due benefits of $69,980.  (ECF 33-1 at 1-3 ).  The Commissioner withheld $17,495 of Keesler's past-due benefits to pay Keesler's attorneys—$6,000 of which the Commissioner distributed to counsel who represented Keesler at the administrative level.  (*Id.* at 3; ECF 33 at 2).  On September 18, 2020, Counsel filed the instant motion pursuant to § 406(b), together with supporting documents, seeking the Court's approval of $11,495 in attorney fees before this Court.  (*See* ECF 32, 33).

### B.  Legal Standard

Fees for representing Social Security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406.  *Gisbrecht*, 535 U.S. at 793-94.  Section 406(a) controls

---

[2] The most common fee arrangement between attorneys and social security claimants is the contingent fee agreement.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

fees for representation in administrative proceedings, and § 406(b) controls attorney fees for representation in court. *Id*. Unlike fees obtained under the EAJA,[3] the fees awarded under § 406 are charged against the claimant, not the government. *Id*. at 796.

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his or her representation at the administrative level. *Id.* at 794-95; 20 C.F.R. §§ 404.1725(a), 416.1525(a). There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 795.

Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ."[4] 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795. This twenty-five percent cap applies only to fees for court representation and not to the aggregate fees awarded under §§ 406(a) and (b). *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2018).

Section § 406(b) has been harmonized with the EAJA. *Gisbrecht*, 535 U.S. at 796. Although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee that the attorney received, as an EAJA award "offsets" an award under § 406(b). *Id.* at 797.

Unlike the award by the Commissioner under § 406(a), the Court is required under

---

[3] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when the government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

[4] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

§ 406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements. *Id.* at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.

*Id*. at 807-08 (citations and footnotes omitted). "A petition for fees under § 406(b)(1) must be brought within a reasonable time." *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987).

## C. Analysis

The Court is charged with determining whether Counsel's requested fee of $11,495 under the Fee Agreement and § 406(b) is "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A). The notice of benefits from the Commissioner indicates that Keesler was awarded $69,980 in past-due benefits. (*See* ECF 33-1 at 3). Thus, the fee amount that Counsel requests, $11,495, does not exceed twenty-five percent of Keesler's past-due benefits.

Counsel contends that the requested fee award of $11,495 is reasonable for the 50.10 attorney hours spent representing Keesler in federal court. It is obvious that Counsel obtained a good result for Keesler, as the Commissioner ultimately found him disabled and awarded him $69,980 in back benefits. *See Gisbrecht*, 535 U.S. at 808 (acknowledging that courts consider in § 406(b) fee requests the character of the representation and the results the representative achieved); *Brown v. Barnhart*, 270 F. Supp. 2d 769, 772 (W.D. Va. 2003) (considering in a §

4

406(b) analysis that counsel had handled 900 or more Social Security cases and achieved a large measure of success for his client). However, in doing so, Counsel requested *four* twenty-eight day extensions, all due to his "busy schedule." (ECF 14-17, 20-23). This delay is a factor that cuts against, at least to some extent, Counsel's requested fee. *See Gisbrecht*, 535 U.S. at 808 (considering any extensions requested by the attorney in an effort to assess whether the attorney created an unreasonable delay that would contribute to the attorney's profit from the accumulation of the claimant's past benefits).

The risk of loss the attorney assumed in representing the plaintiff is another factor some courts consider when assessing the reasonableness of the requested fee. "[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a de novo standard. The risk of loss is also greater in social security cases because there are no settlements." *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002); *see Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009) ("The attorneys assumed significant risk in accepting these [Social Security] cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases.").

Here, Counsel's requested fee of $11,495 divided by the 50.10 hours he spent on the case in federal court equates to an effective rate of approximately $229 per hour.[5] As such, Counsel's

---

[5] Although the Supreme Court in *Gisbrecht* rejected the lodestar approach (which incorporates consideration of a reasonable hourly rate for an attorney) as a starting point to determine the reasonableness of a fee request under § 406(b), *see Gisbrecht*, 535 U.S. at 802, 808, certain aspects of a lodestar approach remain in the calculus; as a result, "[d]istrict courts are left to determine how much of the lodestar approach is still viable." *Brannen v. Barnhart*, No. 1:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004); *see Jeter v. Astrue*, No. 09-30452, 2010 WL 3783666, at *7 (5th Cir. 2010) ("[D]istrict courts may consider the lodestar method in determining the reasonableness of a § 406(b) fee, but the lodestar calculation alone cannot constitute *the* basis for an 'unreasonable' finding.").

requested fee equates to an effective rate well below previous awards approved by this Court. *See, e.g.*, *Rorick v. Colvin*, No. 1:11-CV-00037, 2014 WL 3928488 (N.D. Ind. Aug. 12, 2014) (awarding fee equating to $653.79 per hour); *Harris v. Colvin*, No. 1:11-CV-00405, 2014 WL 3899312 (N.D. Ind. Aug. 11, 2014) (awarding fee equating to $647.61 per hour); *Duke v. Astrue*, No. 1:07-CV-00188, 2010 WL 3522572 (N.D. Ind. Aug. 30, 2010) (awarding fee equating to $549.14 per hour).

Having considered the foregoing factors, the Court concludes that despite Counsel's creation of a four-month delay in the briefing process, Counsel's requested fee award of $11,495 is reasonable for the good result he achieved for Keesler. Therefore, Counsel's requested fee award of $11,495 under § 406(b) will be authorized by this Court. *See Gisbrecht*, 535 U.S. at 796. Accordingly, within thirty days of his receipt of the § 406(b) award, Counsel must refund $9,620, the amount of the EAJA fee award that Counsel previously received, to Keesler.

### D. Conclusion

For the foregoing reasons, Counsel's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (ECF 32) is GRANTED in the amount of $11,495. Counsel is ORDERED to refund to Keesler $9,620 (the amount of the EAJA fee award that Counsel previously received) within thirty days of his receipt of the § 406(b) fee award.

SO ORDERED.

Entered this 3rd day of November 2020.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

6